MICHAEL D. GRATTAN, Respondent, v. P. J. TIERNEY SONS, INC., Appellant.— Order denying defendant's motion to dismiss complaint reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff, if so advised, to plead over within ten days. There are no allegations of fact constituting either actual or constructive eviction and one or the other is indispensable to a good complaint for damages for breach of covenant of quiet enjoyment. (*Matter of O'Donnell*, 240 N. Y. 99, 104; *Scriver* v. *Smith*, 100 id. 471; *Home Life Ins. Co.* v. *Sherman*, 46 id. 370, 372.) The issuance of the warrant in the summary proceedings, although it terminates the relation of landlord and tenant so far as the written instrument involved herein is concerned, does not constitute an eviction as the warrant may never be executed, and unless it be executed there will be no actual eviction; and unless by way of avoiding its execution the plaintiff submits by valid attornment to the owner of a paramount title having the right to have the warrant executed, there is no constructive eviction. If the present possession is by reason of the latter situation there should be an allegation to such effect in the complaint, and it is for that reason, should the facts justify, that leave to plead over is granted. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

In the Matter of the Application for Appointment of Committee of the Person and Property of GEORGE A. ACKERMANN, an Alleged Incompetent. ANTON ACKERMANN and Others, Appellants; EMMA H. NIELSEN, Respondent.— Order reversed upon the law and the facts, without costs, and proceeding dismissed, without costs. The issuance of a commission to inquire into the mental condition of an alleged incompetent is justified only when it presumptively appears to the satisfaction of the court, *first*, that the person proceeded against is incompetent, and, *second*, that a committee should in the exercise of sound discretion be appointed. Incompetency alone is insufficient, for the situation may be such that no committee is necessary. The record discloses that the alleged incompetent is living happily with two of his children, and the disturbance of existing conditions might seriously impair his health. There is no proof that his property is being wasted, but, to the contrary, it affirmatively appears that it is being well managed and that accounts are kept of all receipts and disbursements. (See *Matter of Burke*, 125 App. Div. 889; *Matter of Wells*, 177 id. 100; *Matter of Vail*, 137 id. 220; *Matter of Clarkson*, 186 id. 575; affd., 227 N. Y. 599.) Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

In the Matter of the Application of ALTON W. SNYDER for a Writ of Habeas Corpus to Bring up the Body of ROBERT ALTON SNYDER, an Infant. ALTON W. SNYDER, Appellant; ELIZABETH CHAPIN SHUMATE, Respondent.— Order dismissing writ of habeas corpus and order denying motion for resettlement affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ., concur.

IRVING KIMMELMAN, Respondent, v. JACK KIMMELMAN and Others, Defendants, and CHARLES KIMMELMAN, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Scudder, JJ.