THEODORE F. WHITMARSH, Respondent, v. WILLIAM E. FARNELL, Appellant.

First Department, May 10, 1948.

*L. Reyner Samet* of counsel (*Port, Samet & Goldberg*, attorneys), for appellant.

*Irving L. Kalish* of counsel (*Carb, Reichman & Luria*, attorneys), for respondent.

DORE, J. Defendant, tenant of an apartment at 103 East 75th Street, New York, N. Y., by permission of the Appellate Term appeals from its affirmance of a final order of the Municipal Court in the landlord's favor dispossessing the tenant, and also from an order dismissing without prejudice to an action for injunctive relief the tenant's appeal from another

order of the same Municipal Court denying his motion to vacate the final order of dispossess.

The tenant lived in the apartment since 1938. His last lease expired September 30, 1946; thereafter he remained in possession as a statutory tenant, his rent being payable monthly in advance. He refused to purchase the apartment on a co-operative basis, and it was sold to one Anna L. Mulgrew, who brought proceedings before the Federal rent control authority (Office of Price Administration) to secure a certificate to evict the tenant; but in December, 1946, the Office of Price Administration declined to issue an eviction certificate.

The present landlord, also a co-operative owner, purchased the apartment from Anna L. Mulgrew on August 22, 1947, and promptly instituted this summary dispossess proceeding against the tenant without service of any thirty days' notice. The proceeding was commenced September 2d, tried September 10th, and the final order was entered September 11, 1947. On the day of trial, the city council and board of estimate passed the New York City Rent Control Law (Local Laws, 1947, No. 66 of the City of New York) which on the mayor's approval became effective September 17, 1947.

At trial, the tenant asked a short adjournment to give him the benefit of the new statute enacted for the protection of tenants no longer protected by the Federal act; but the trial court denied the application, signed the final order the day after trial, providing for issuance of a warrant of eviction " forthwith "; but stayed execution for thirty days. The warrant was issued before September 17, 1947. On September 23d, the tenant moved to vacate the final order and that motion was denied. By a divided court the Appellate Term has affirmed both orders.

At the outset, the tenant contends the landlord's petition should have been dismissed for failure to serve the thirty days' notice of termination of tenancy pursuant to section 232-a of the Real Property Law. The Appellate Term, in our opinion, correctly held that appellant, a statutory tenant, is not a month to month tenant so as to require service of a thirty days' notice to terminate his tenancy (*1239 Madison Avenue Corporation* v. *Neuburger,* 208 App. Div. 87; *Lewittes & Sons* v. *Spielmann,* 190 Misc. 35 [App. Term, 1st Dept.]; *Shelton Bldg. Corp.* v. *Baggett,* 188 Misc. 709 [App. Term, 2d Dept.]).

The tenant further contends that the New York City Rent Control Law prohibits his eviction because this proceeding was still " pending " on the effective date of that act, inasmuch

as the warrant of eviction had not been *executed* by that date. In our opinion, as the warrant, though issued, was not executed, the tenant is entitled to protection of the local rent control law.

That act (Administrative Code, § U41–7.00) provides in part:

" c. Evictions. Except for non-payment of rent, *no tenant shall be removed from any apartment by action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise, unless* " [specifying conditions irrelevant to the issue now being considered; viz., whether the proceeding was " pending "]: * * *

" o. Application and duration. The provisions of this section shall apply to all *pending* and future *eviction proceedings* and shall terminate on September 30, 1948, unless it is sooner determined by local law that the emergency no longer exists." (Italics mine.)

In *Matter of Cohen* v. *Starke* (269 App. Div. 256, [1945]) this court recently ruled on a similar issue under the State emergency commercial rent law. In that case a final order had been entered in a summary proceeding; warrant of eviction had been issued prior to the effective date of the law, but execution of the warrant had been stayed. The law became effective during the period of the stay and the city marshal refused to execute the warrant. This court held the marshal was justified in refusing to execute the warrant on the ground that the State emergency rent law prohibited removal of the tenant. The State law (L. 1945, ch. 3) applicable to that case did not expressly say it applied to " pending " proceedings, but read as follows: " § 8. So long as the tenant continues to pay the rent to which the landlord is entitled, under the provisions of this act, *no tenant shall be removed from any commercial space, by action or proceeding to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession,* * * *." (Italics mine.) That language is substantially the same as the language contained in subdivision " c " of the New York City Rent Control Law above quoted.

The rule of the *Cohen* case should be applied here unless there is a distinction because the city law expressly provides that it shall apply to " pending " proceedings. That requires a determination of what constitutes a " pending proceeding " under the city rent control law.

In *People ex rel. H. D. H. Realty Corporation* v. *Murphy* (194 App. Div. 530, affd. 230 N. Y. 654) this court ruled on the

applicability of the 1920 rent control law to " pending " proceedings. In that case a final order had been entered in a summary proceeding but warrant of eviction had not been issued. This court held the proceeding there in question was " pending "; and after analyzing controlling authorities, ruled that an action or proceeding is " pending " until judgment or final order has been finally executed. Under that rule, a proceeding is still pending when a warrant of eviction is issued but not executed. Such conclusion is supported by reason as well as authority. Issuance of a warrant of eviction in a summary proceeding does not constitute eviction; unless it be executed, there is no eviction (*Grattan* v. *P. J. Tierney Sons, Inc.,* 226 App. Div. 811).

The landlord urges that the present proceeding cannot be held to be " pending " in the light of the regulation of the Temporary City Housing Rent Commission (Regulation II, art. II, § 2, subd. [b]) which provides: " (b). A proceeding to evict is deemed to be pending if a warrant of eviction was not issued therein prior to September 17, 1947."

The validity of that regulation cannot be challenged, it is said, as the State act (L. 1948, ch. 4, eff. Feb. 3, 1948) validating the city rent control law provided that the law " shall be deemed effectual as of the date when such local laws purported to take effect and *all acts authorized thereby* are hereby legalized and confirmed." (Italics mine.) That provision, it is claimed, validated the quoted regulation purporting to declare what shall constitute a " pending " proceeding.

But the State act, as its above-quoted language expressly specifies, validates only such acts under the local laws as are " authorized " by such laws. The local law (Administrative Code, § U41-7.0) provides: " m. Commission regulations. The commission shall have the power to adopt * * * such * * * regulations * * * as the commission may deem necessary or proper *to effectuate the purposes of this section* * * *." (Italics mine.) The commission has power not to make law, but to make regulations carrying into effect the law already enacted. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a nullity (*Manhattan General Equipment Co.* v. *Commissioner,* 297 U. S. 129, 134; *Miller* v. *United States,* 294 U. S. 435, 439–440). The statute itself says that it applies to " pending " proceedings. As the above analysis indicates, a summary proceeding in which a warrant of eviction has been issued but not executed is still " pending ". The city legislature is

deemed to have known the rulings of the courts determining the very issue in question, when it enacted the city rent control law (*Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281, 288). Accordingly, we hold that law applies to proceedings in which a warrant has been issued but not executed before the law became effective. The statute and not the regulation controls. The protection afforded by the city rent control law is available to the tenant herein.

On the tenant's motion to vacate the final order, the moving affidavit verified September 19, 1947, shows that in December, 1946, the Office of Price Administration refused to issue the then required certificate to the then owner of the apartment because 80% of the tenants were not co-operative owners. The Federal rent control law and regulations, which required that 80% of the tenants must be co-operative owners before a co-operative owner could dispossess a tenant, expired June 30, 1947. The new Federal rent law and regulations, which became effective July 1, 1947, contained no such 80% requirement with respect to co-operative apartments. Therefore, as of September 10th, the date of the trial herein, the tenant was not then protected by any such Federal requirement, as he had been prior to July 1, 1947.

The city rent control law (Administrative Code, § U41-7.0, subd. h), passed on the date of trial and effective September 17, 1947, contains the same 80% requirement that was formerly contained in the Federal rent regulation. The affidavit of September 19th states that 80% of the tenants were not then co-operative owners; the landlord's answering affidavit does not deny that allegation. Accordingly, on this record it appears that the landlord does not have the required ground under the city rent control law for evicting the tenant.

Subdivision (a) of section 2 of article II of regulation II of the Temporary City Housing Rent Commission's regulations, provides: " Section 2(a). No landlord shall take any further action in any proceeding to evict which was instituted in any court prior to September 17, 1947, and which was pending on that day unless he first obtains a certificate of eviction from the Commission." On this record, the landlord has not secured such certificate and cannot secure it under the present and controlling city rent control law unless 80% of the tenants of the building in question become co-operative owners.

As the city rent control law applies to the premises, and the proceeding was still pending when that act took effect, and as the landlord has not procured the required certificate of evic-

tion thereunder, stay of execution of the final order and warrant should be granted. There is no necessity to relegate the tenant to a plenary action in equity for an injunction to accomplish in effect the same result.

As indicated above, the city rent control law and its regulations prevent a landlord from taking any *further* action in eviction proceedings pending on its effective date unless a certificate of eviction is secured from the city rent commission. Accordingly the orders of the Appellate Term appealed from should be affirmed, without costs, but execution of the warrant of eviction should be stayed, without prejudice, however, to such proceedings as the landlord may be advised to take in accordance with the provisions of the city rent control law.

PECK, P. J. (dissenting insofar as execution is stayed). The commission had authority under the local law to adopt regulations it deemed proper to effectuate the purposes of the law. In my opinion the commission was not obliged in defining the scope of a " pending " proceeding to take a court interpretation of that word as employed in a statute of similar purport of a generation ago. I am unable to say that the commission's definition does not effectuate the purpose of the local law merely because it makes the issuance of a warrant of eviction rather than execution of the warrant the terminal of a " pending " proceeding. The orders appealed from should be affirmed, with costs. Execution of the warrant of eviction should not be stayed.

CALLAHAN, VAN VOORHIS and SHIENTAG, JJ., concur with DORE, J.; PECK, P. J., dissents insofar as execution is stayed, in opinion.

Order of Appellate Term, affirming the final order of the Municipal Court, affirmed, without costs, but execution of the warrant of eviction is stayed, without prejudice, however, to such proceedings as the landlord may be advised to take in accordance with the provisions of the city rent control law. (PECK, P. J., dissents insofar as execution is stayed.) Order of Appellate Term, dismissing, without prejudice to an action for injunctive relief, the appeal of the tenant from the order of the Municipal Court, which denied the motion of the tenant to vacate the final order, unanimously affirmed, without costs. Settle order on notice. [See 274 App. Div. 783.]