In the Matter of BELLE ROKUSON, Respondent, against CHARLES J. BECKINELLA, a Justice of the Municipal Court of the City of New York, Appellant.— Proceeding under article 78 of the Civil Practice Act. Order granting respondent's application for an order directing the appellant to sign and issue a warrant for the eviction of a tenant of certain real property in the borough of Brooklyn, reversed on the law, without costs, and the petition dismissed, without costs. The appellant may not be required to sign and issue a warrant of eviction in summary proceedings, where the landlord has not complied with the requirements of Local Law No. 66 of 1947 of the City of New York, even though the summary proceedings had reached the stage of the issuance of the warrant of eviction. The proceeding was still " pending " unless and until the warrant had been executed. (*Whitmarsh* v. *Farnell*, 273 App. Div. 584; *Grattan* v. *Tierney Sons, Inc.*, 226 App. Div. 811; *Matter of Tartaglia* v. *McLaughlin*, 297 N. Y. 419.) Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.

In the Matter of DANIEL ROSENTHAL, Appellant, against HERMAN STICHMAN, as Commissioner of the Department of Housing of the State of New York, Respondent.— Appellant, chairman of a chapter of a veterans' organization, appeals from an order, made in a proceeding under article 78 of the Civil Practice Act, denying his motion to direct respondent to provide a proper place for meeting in the Manhattan Beach Housing Project for his organization on the same terms and conditions as afforded other veterans' organizations, without prejudice to the right of appellant's organization to make further application to respondent for the relief sought, and granting respondent's cross motion to dismiss the petition for insufficiency. Order unanimously affirmed, without costs. No opinion. Present — Lewis, P. J., Carswell, Johnston, Adel and Sneed, JJ. [See *post*, p. 853.]

In the Matter of ALBERT STEPNOSKI, Petitioner, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Determination of the Commissioner of Motor Vehicles revoking petitioner's license to operate a motor vehicle, on the ground of gross negligence in the operation of his motor vehicle, pursuant to paragraph (e) of subdivision 3 of section 71 of the Vehicle and Traffic Law, unanimously confirmed, without costs. No opinion. Present — Carswell, Acting P. J., Johnston, Nolan, Sneed and Wenzel, JJ.