In the Matter of ARTHUR T. KAPLAN, Petitioner, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Respondent.

Supreme Court, Special Term, New York County, September 27, 1950.

*Arthur T. Kaplan,* petitioner in person.

*Nathaniel L. Goldstein, Attorney-General (Beatrice Shainswit* of counsel), for respondent.

BOTEIN, J. In this proceeding under article 78 of the Civil Practice Act, the petitioner landlord seeks to review the validity of subdivision 1 of section 21 of the current Rent and Eviction Regulations, as promulgated by the Temporary State Housing Rent Commission.

The challenged regulation was adopted pursuant to subdivision 2 of section 4 of the State Residential Rent Control Law (L. 1946, ch. 274 as amd. by L. 1950, ch. 250) which authorizes the commission to adopt such regulations " as it may deem necessary or proper to effectuate the purposes of this act". Subdivision 2 of section 8 of the act provides: " No such regulation or order shall be enjoined or set aside, in whole or in part, unless the petitioner shall establish to the satisfaction of the court that the regulation or order is not in accordance with law, or is arbitrary or capricious".

Of course, and no matter how generous the statutory grant of powers, an administrator may not usurp the legislative function by promulgating regulations which contravene the very act he seeks to administer (*Miller* v. *United States,* 294 U. S. 435; *Schechter Poultry Corp.* v. *United States,* 295 U. S. 495; *Whitmarsh* v. *Farnell,* 273 App. Div. 584, 588–589, revd. on other grounds, 298 N. Y. 336). Nor may an administrative regulation burst the bounds of its empowering statute.

The regulation under attack provides in substance that if different maximum rents were prescribed pursuant to Federal and local laws on March 1, 1950, for certain housing accommodations in the city of New York, then the lower of the two maximum rentals shall control. The petitioner contends that this provision does not implement but contradicts the statute which sired it. He relies specifically upon subdivision 1 of section 4 of the State act; and argues that in the situation contemplated by the commission's regulation — differing maximum rentals prescribed by Federal and local laws — the State act provides that the maximum rental fixed under the local laws shall govern. By a combination of circumstances which it is not necessary to relate here, the maximum rental which could be charged a tenant of petitioner on March 1, 1950, was higher under the local laws than under the Federal laws.

When lifted out of its setting, subdivision 1 of section 4 of the State act appears to lend some support to the petitioner's

contention. But when examined within the context of the entire act, the meaning imported into this provision by the petitioner fades into the dominant, engulfing purpose of this emergency legislation.

The unmistakable object of the Legislature was to check the alarming rising tide of rent increases. The incongruous result sought to be obtained by the petitioner cannot be reconciled with the history and purposes of the legislation. He may not seize upon one paragraph to impress upon the entire act a purpose alien to the reasons for its enactment and very existence.

It is clear beyond the possibility of dispute that the intention of the Legislature in enacting the 1950 State Residential Rent Control Law was to decrease, rather than increase, the rents fixed by the Federal Housing Expediter under the Federal statute.

The report of the New York State Temporary Commission to Study Rents and Rental Conditions, issued March 22, 1950, upon the basis of which the State statute was enacted, declared that: '' The Commission has observed with misgivings the disintegration of rent controls under the emasculated federal Housing and Rent Act of 1949.'' (P. 11.)

It stated also that: '' The feeble * * * efforts to administer or enforce the law by the Office of Housing Expediter were viewed with suspicion by the Commission and by tenants when more than 13,000 retroactive so-called ' fair net operating income ' increases were granted suddenly, some of which were dated back approximately two years.'' (P. 12.)

The act itself contains language indicating that the Legislature's purpose was to protect tenants generally against the possibility of rent increases authorized by the Federal Housing Expediter. Thus, subdivision 1 of section 13-a of the State statute provides that: '' The legislature hereby finds that a substantial number of tenants in this State may be subject to potential liability arising from certain provisions of the federal housing and rent act of nineteen hundred forty-seven, as amended, pursuant to which increases in maximum rentals were authorized''.

Governor Dewey, whose signature made the State statute effective, in a radio address stated that the bill: '' fixes the rentals at either the Federal or local rent control level of March 1, 1950, *whichever is lower*''. (Emphasis supplied.)

In view of these clear and unmistakable indications that the legislative intent was to lower and not to raise rentals, the court

is of the opinion that subdivision 1 of section 21 of the Regulation issued by the Temporary State Housing Rent Commission is valid and legal. That regulation properly effectuates the legislative purpose in providing that where different maximum rents are prescribed by Federal and by local laws, the lower maximum shall govern.

The motion is accordingly denied.