DELRO ESTATES, INC., Landlord, *v.* BEN FREDKIN, Tenant, and JOSEPH D. McGOLDRICK, as State Rent Administrator, Intervener.

Municipal Court of the City of New York, Borough of The Bronx, October 26, 1950.

*William Rochkind* for landlord.

*Bernard G. Walpin* for tenant.

*Nathaniel L. Goldstein, Attorney-General (Walter S. Fried* of counsel), *amicus curiæ,* in support of tenant's position.

FRANK, J. In this nonpayment summary proceeding, the problem presented is whether the landlord is entitled to collect $49.78 as rent for the month commencing August 1, 1950, or only the sum of $46 for apartment 2R, in premises 225 West 232d Street, borough of The Bronx, in the city of New York.

The landlord, the tenant, and the Attorney-General of the State of New York appearing with the permission of the court as *amicus curiæ,* all concede the following facts:

(1) That the tenant paid $46 per month up to January 26, 1949.

(2) That on January 26, 1949, the petitioner made application to the Office of Housing Expediter (O. H. E.) for an increase of rent under subdivision (b) of section 204 of the Federal Housing and Rent Act of 1947 as amended (U. S. Code, tit. 50, Appendix, § 1894, subd. [b], the so-called " hardship " section).

(3) That on July 1, 1949, an order was issued by the Housing Expediter increasing the maximum rent to $49.78 effective January 26, 1949.

(4) That on March 1, 1949, the rent actually paid by the tenant was $46.

(5) That the rent of $46 was paid from January, 1949, to July 31, 1950, without prejudice to any of the rights the landlord might have to an increase.

The Legislature of the State of New York by virtue of the Residential Rent Control Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250) set the freeze date for rents in the State of New York as March 1, 1950, except in the city of New York where the freeze date was fixed as March 1, 1949.

Section 13-a of the State Act was declared unconstitutional (*Teeval Co.* v. *Stern,* 301 N. Y. 346). That section by the devious method of circumlocution fixes the freeze date for New York City as March 1, 1949. It is now urged by the landlord that the invalidity of that section voids the freeze date for New York

City and therefore the freeze date is March 1, 1950, as it is for the rest of the State.

With this proposition, we disagree. Without an extended discussion as to the fallacy of the petitioner's argument, we hold that under the decision of the Court of Appeals in the *Teeval* case (*supra*) the rents for housing accommodations in the city of New York are rolled back to March 1, 1949. Chief Judge LOUGHRAN in that case, writing for the court, said (p. 362): " Hence, as we conclude, the State rent control statute is valid insofar as thereby rents payable on and after May 1, 1950, in the city of New York are rolled back to the March 1, 1949, levels. Hence, too, the insistence of the plaintiff landlord on the full increased rent for the month of May, 1950, prevents recovery by it of any rent for that month."

The landlord further contends that even assuming that rents are frozen as of March 1, 1949, he is entitled to collect the higher rental in accordance with retroactive order of the expediter. It is true that the Court of Appeals held that this court may not review or overrule an order of the Housing Expediter (*Wasservogel* v. *Meyerowitz*, 300 N. Y. 125). That proposition is not here involved. We are now concerned with State control of rents and housing and the defunct Federal control orders enter into consideration only to the extent that chapter 250 of the Laws of 1950 makes reference to them. Section 4 of the Residential Rent Control Law provides in part: " Where there were different maximum rentals prescribed pursuant to such laws on March first, nineteen hundred fifty, the maximum rental established hereunder shall be the same as that prescribed pursuant to the local laws specified in chapter one of the laws of nineteen hundred fifty; provided, however, that where the rent paid on such date does not reflect any adjustment which was granted subsequent to March first, nineteen hundred forty-nine, pursuant to the provisions of the federal housing and rent act of nineteen hundred forty-seven, as amended, because of the provision by the landlord of new or additional services or facilities to which the tenant has agreed, the maximum rent for such housing accommodations shall be increased by the amount of such adjustment."

Thus the " ceiling " of rent is fixed by either Federal or city law except for increases granted by the O. H. E. for enlarged or increased service rendered by a landlord with the consent of the tenant. The order involved here was not issued for the reason contained in this exception.

It is urged by the landlord that the invalidation of section 13-a of the Residential Rent Control Law, as amended by chapter 250 of the Laws of 1950 and the local laws (Local Laws, 1949, No. 73 of City of New York; Administrative Code of City of New York, § U41-7.0; Sharkey Act) by the Court of Appeals (*Teeval Co.* v. *Stern, supra*; *Matter of Tartaglia* v. *McLaughlin*, 297 N. Y. 419) requires the maximum rent to be that " prescribed " by the O. H. E. order. We are not in accord with this reasoning. The laws rejected by our highest State tribunal deal almost exclusively with the prohibition of the collection of the increased rent — primarily retroactively. The petition in this proceeding seeks rent for the current month only. The collection of a retroactive increase is not involved. The only problem before this court upon the facts proven and conceded is as stated in the landlord's supplemental memorandum " What is the maximum rent for the demised premises ".

In section 14 of the Residential Rent Control Law, as amended by chapter 250 of the Laws of 1950, the Legislature provided: " 2. Any reference made in this act to the local laws specified in chapter one of the laws of nineteen hundred fifty shall be deemed to be solely for the purposes of identification, and if any of such laws shall be held invalid, the reference made herein and any maximum rent established thereunder shall not be affected thereby."

In considering the constitutionality of all of the sections of the Residential Rent Control Law of 1950 (L. 1950, ch. 250) (*Teeval Co.* v. *Stern, supra,* p. 368) the court said: " But the invalidity of section 13-a of the State rent control statute does not vitiate any other provision thereof. Section 13-a has plainly been treated * * * as a distinct and separable part of its statutory plan. Hence, it may be stricken out while the other provisions of the State statute are allowed to stand."

Section 21 of the regulations promulgated by the commission pursuant to the authority granted it by subdivision 2 of section 4 of the State Act, provides that where the maximum rent prescribed by the Federal Act is higher than that set by the local laws of the city of New York, the lower " ceiling " shall prevail. Mr. Justice Botein in the case of *Matter of Kaplan* v. *McGoldrick* (198 Misc. 440) held that this regulation did not contravene the language or the intention of the State Act. The learned court said (p. 442): " It is clear beyond the possibility of dispute that the intention of the Legislature * * * was to decrease rather than increase, the rents fixed by the Federal Housing Expediter ".

The Governor in a public statement, accompanying the enactment into law of this legislation asserted, "The * * * bill fixes the rents at either the Federal or local rent control level * * * whichever is lower".

It is held, therefore, that the maximum rent of the apartment described in the petition herein for the month of August, 1950, is $46. Since that amount was tendered and refused by the landlord, a final order will be entered for the tenant.