WINIFRED W. SMITH, Landlord, *v.* HARRY ALGER, Tenant.

Police Court, Village of Johnson City, March 13, 1952.

*Joel A. Scelsi* for tenant appearing specially.

*Robert L. Eckelberger* for landlord.

BELLEW, J. The tenant-respondent, by his attorney, has specially appeared and moved dismissal of the summary proceeding on the ground that this court has no jurisdiction to entertain the same because the landlord-petitioner did not give sufficient notice for the tenant to remove before the institution of such proceeding, pursuant to the State Rent and Eviction Regulations.

Thus, the issue to be decided is whether or not notice of not less than one month is to be given to a weekly tenant whose removal is sought for an alleged violation of paragraph (a) of subdivision 1 of section 5 of the State Residential Rent Law as amended by chapter 443 of the Laws of 1951.

Such subdivision permits the landlord to make an appropriate application to remove a tenant who is violating a substantial obligation of his tenancy other than the obligation to surrender possession of such housing accommodation and has failed to cure such violation after written notice by the landlord that the violation cease within ten days.

To effectuate the administration of the State Residential Rent Law, the Legislature provided for the establishment of a Temporary State Housing Rent Commission which, among other things, was given the power to, from time to time, adopt, promulgate, amend and rescind such rules, regulations and orders as it may deem necessary or proper to effectuate the purposes of the Emergency Rent Law; '' provided that such regulations can be put into effect without general *uncertainty,* dislocation and hardship inconsistent with the purposes of this act ''. (§ 4, subd. 4, par. [a] ; italics added.)

In furtherance of this authority to establish rules, etc., the commission promulgated Rent and Eviction Regulations effective March 15, 1951, and contained in subdivision 1 of section 52 thereof under '' Proceedings for eviction without certificate '', there is contained the identical language as found in the State Residential Rent Law under paragraph (a) of subdivision 1 of section 5 (*supra*).

Section 53 of the regulations concerns itself with the notices required in proceedings under section 52. In paragraph c of subdivision 4 thereof, it is specifically prescribed that where the tenant is a weekly tenant, the notice required in paragraphs 2, 3 and 4 of section 52 shall not be less than seven days before the institution of any proceeding to evict or remove the tenant.

The tenant-respondent in effect, argues that inasmuch as the grounds upon which the removal of the tenant herein is sought is contained in subdivision 1 of section 52, that a notice of not less than one month must be given before the proceedings can be commenced, which language is concededly contained in paragraph b of subdivision 4 of section 53.

It might be well at this juncture to include a paragraph from the annual report of the Temporary State Commission to Study Rents and Rental Conditions to the Legislature of this State on March 8, 1952. The commission, in criticizing the attitude

of the courts' interpretations of the State's rent control laws, characterized the same as " strange, bewildering and even bizarre " and among other things made the following observation: " It is the duty and function of the courts to interpret and construe legislation in the light of legislative intention."

The language of the rent commission is clear and unequivocal and in this instance, by using its own language, recourse must be had to the State Residential Rent Law itself to determine whether section 53 of the Rent and Eviction Regulations contains such rules and regulations which, in the administration of the State Residential Rent Law can be put into effect without " general uncertainty ". This court holds that such section does not effectuate such purpose.

There is no dispute in the proceeding at bar that the tenant-respondent is a weekly tenant, and although the grounds for removal are not contained within subdivisions 2, 3 or 4 of section 52 of the regulations, it is not feasible that the Legislature intended that a weekly tenant who is alleged to have violated subdivision 1 of section 52 should be entitled to any greater notice than the alleged violation of any of the other subdivisions hereinbefore enumerated.

It cannot be logically argued that the Legislature intended to give a weekly tenant who is alleged to have violated a substantial obligation of his tenancy a notice of not less than one month before removal proceedings could be commenced, and in the next breath, require that a notice of not less than seven days is sufficient for a weekly tenant who is alleged to have violated subdivisions 2, 3 or 4 of section 52. The grounds for removal under the last-cited subdivisions appear to be of no greater importance than that of subdivision numbered 1.

Whether the tenant is violating a substantial obligation of his tenancy, or is committing or permitting a nuisance, or is occupying the premises illegally because of the requirements of law, or using the premises for an immoral or illegal purpose, defines no important difference.

Because of this dichotomy in the regulations and the landmark rule providing that a weekly tenant is entitled to only seven days' notice to remove (Walsh on the Law of Property [2d ed.], p. 251, citing *Anderson* v. *Prindle,* 23 Wend. N. Y. 616) this court is constrained to deny the tenant's motion to dismiss the proceeding.

Aside from other considerations, this court is unable to determine the practical manner in which a weekly tenant could be given notice of not less than one month. Bearing in mind the

requirement that the surrender of possession date must coincide with the expiration of the term of rental period (*Hunt* v. *Hart,* 188 Misc. 534), it would be difficult if not impossible for any court to verify the timeliness of the notice served pursuant to the tenant's interpretation of the regulations. In addition, such an interpretation would in fact compel the landlord to give the tenant notice equal to at least four times the term of rental. Such a construction and interpretation would be to follow blindly the uncertainty of the regulations of the commission in contravention of the legislative intent and in effect, proximate confusion confounded.

Examination of paragraph b of subdivision 4 of section 53 of the Rent and Eviction Regulations in the light of subdivision (a) of section 4 of the State Residential Rent Law constrains this court to conclude that such subdivision of the regulations makes for '' uncertainty '' and confusion and is not a valid exercise of the power of the rent commission in furtherance of its authority to adopt and promulgate rules and regulations to effectuate the purposes of the Act.

The New York State Legislature in 1951, in validating the regulations submitted by the rent commission, stated that they were legalized and validated '' except to the extent that they may be inconsistent herewith, and nothing herein contained shall be construed as ratifying, validating or confirming any such regulation, or part thereof, which is inconsistent with this act.'' (L. 1951, ch. 443, § 2.) Paragraph b of subdivision 4 of section 53 of the regulations is on its face inconsistent.

Courts in other instances have not been hesitant in invalidating regulations of the rent commission as inconsistent with the statute. Thus, in *Singer* v. *McGoldrick* (102 N. Y. S. 2d 665, 667) the court succinctly stated: '' Though the respondent [Rent Commission] has a right to make regulations carrying into effect the law already enacted, no authority is vested in the Administrator to make regulations or laws which are not in harmony with the statute.''

Similarly, in *Whitmarsh* v. *Farnell* (273 App. Div. 584, 588 revd. on other grounds 298 N. Y. 336), the court stated: '' The commission has the power *not to make law,* but to make regulations carrying into effect the law already enacted. A regulation which does not do this, but operates to create a rule out of harmony with the statute, is a nullity.'' (Emphasis added.)

This court thus holds that a weekly tenant violating a substantial obligation of his tenancy within the meaning of paragraph (a) of subdivision 1 of section 5 of the emergency rent

law and as re-enunciated in subdivision 1 of section 52 of the Rent and Eviction Regulations is entitled to only seven days' notice when the prerequisite ten days' notice to abate has been given, despite the apparently conflicting requirement of notice of " not less than one month " as set forth in paragraph b of subdivision 4 of section 53 of the regulations.

The Court of Appeals discussing administrative boards in *Matter of Barry* v. *O'Connell* (303 N. Y. 46, 52–53) had this to say: " It is for the courts, not the administrative boards, to determine what action is within, or without the law.   *   *   * ' Laws are made by the law-making power and not by administrative officers acting solely on their own ideas of sound public policy, however excellent such ideas may be.' "

The motion of the tenant-respondent in the special appearance is accordingly denied.