Saul S. Streit, J.
Plaintiff moves for a temporary injunction restraining defendants ‘ ‘ from leasing and using ’ ’ certain premises above plaintiff’s restaurant as and for a rehearsal studio for dancers, musicians and entertainers in such a manner that loud noises and vibration cause the ceiling of plaintiff’s restaurant to shake and tremble. The affidavits submitted present a sharp conflict as to whether the plaintiff’s complaints are factually true. Furthermore, the plaintiff’s papers disclose that the situation claimed by plaintiff to exist (presently) has continued for a long time and is by no means a recent development. A trial of the issues may be had early in September. To grant injunctive relief at this time might well result in irreparable damage to the defendants who operate the dance studio. Having waited this long to seek injunctive relief, a further delay of less than four weeks, especially at this time of the year, cannot prejudice plaintiff unduly. A balanqing of the equities, and application of the well-settled principle that injunctive relief will not ordinarily be granted unless plaintiff has established a clear right thereto, require the denial of the motion on condition that defendants, on the settlement of the order, consent to the setting down of the cause at the head of the Ready Day Calendar for the 10th day of September, 1956. Motion denied on said condition.
The cross motion, by defendants 800 Estates Corp. and Maxwell & Co. Inc., to dismiss the complaint is granted. Insufficient ultimate facts, as distinguished from conclusions, are alleged to establish that either of said defendants is in a position legally to compel the operators of the dance studio to cease the activities complained of. The terms of the lease to the studio are not alleged. If plaintiff should succeed in obtaining a permanent injunction against the operators of the dance studio, an injunction against the movants will be as superfluous as it would be ineffective. Plaintiff will, in the event of a recovery by it, be in a position to recover damages from the operators of the studio and also, possibly, from the defendant Dyckman on the theory that the latter leased the premises to the dance studio although they could not be used for that purpose without destroying or *597 substantially interfering with plaintiff’s enjoyment of the restaurant occupied by it. Even to the extent that recovery of damages is sought for breach of the covenant of quiet enjoyment, the complaint is insufficient as to the movants, since no recovery may be had on such covenant in the absence of an actual or constructive eviction (1 New York Law of Landlord and Tenant, § 393; Matter of O’Donnell, 240 N. Y. 99, 104; Grattan v. Tierney Sons, 226 App. Div. 811; Self Service Furniture Fair v. 450 Realty Corp., 114 N. Y. S. 2d 774, 776).