In the Matter of the Appointment of a Committee of the Person and Property of MATILDA WENZ, an Alleged Incompetent Person. MATILDA WENZ, an Alleged Incompetent Person, Appellant; OSCAR STEVENSON et al., Respondents.— In a proceeding for the appointment of a committee of an alleged incompetent person, the appeal is from an order directing trial of the issue of incompetency. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Wenzel, Beldock and Murphy, JJ., concur; Ughetta, J., dissents and votes to reverse the order and to dismiss the proceeding, with the following memorandum: Section 1364 of the Civil Practice Act provides that to warrant the granting of an application for the appointment of a committee there must be a satisfactory double presumption (1) that the alleged incompetent is in fact incompetent and (2) that there is need for the appointment of a committee (Matter of Schermerhorn, 277 App. Div. 845, affd. 302 N. Y. 660; Matter of Ackermann, 226 App. Div. 811). The petition for the adjudication is presented by an attorney and by the coexecutor of the estate of the alleged incompetent's husband. The only relatives of the alleged incompetent are nephews and nieces, who, so far as can be ascertained from the record before us, are opposed to the appointment of a committee. The alleged incompetent's assets total some $186,000. On the face of the petition itself, it appears that she has, since the death of her husband, withdrawn from two savings banks a total of $2,250 which she deposited in her checking account and used to pay taxes "on the real property" and "other ordinary living expenses". She also withdrew $3,000 from a savings account which she gave to the husband of one of her nieces, who has been using these funds to pay for her care and treatment in Presbyterian Hospital and West Hill Sanitarium. Aside from the purely conclusory and hearsay allegations, these are the only facts on which it is claimed that it presumptively appears that the appointment of a committee is necessary. As to the evidence on the question of whether or not she is in fact incompetent: While there are allegations, based wholly on hearsay, that various attaches and internes in hospitals and sanitariums in which the alleged incompetent has been treated to the effect that these attaches and internes felt that she might be incompetent and would not permit her to execute legal documents, particularly checks on the estate of her late husband, of which she is an executrix, the principal medical proof presented in support of the petition is an affidavit by Dr. Bernard L. Pacella, sworn to July 30, 1958, in which he states: "Following admission to the West Hill Sanitarium, she was placed on moderate doses of Marsilid and after a period of a week began to show some improvement. At the present time there has been a lessening of her agitation and suspiciousness with only periodic expressions of paranoid ideas. The diagnosis was psychosis with cerebral arteriosclerosis with depressive features and delusional content. The prognosis for some degree of improvement is favorable, but it is unlikely that she will be entirely well in view of her cerebral

arteriosclerosis. In your deponent's opinion, she is incompetent to manage herself or her affairs and a Committee of her person and property should, in your deponent's opinion, be appointed." However, in opposition to the application, an affidavit by the same physician, sworn to October 28, 1958, three months later, was submitted, in which he states that the alleged incompetent has shown very substantial improvement and that her nephews and nieces "have given every evidence of providing the security which she needs and with whom she seems to be comfortable and secure." He concludes: "At the present time your deponent finds no reason to conclude that Mrs. Wenz is incompetent and needs a committee of her person and property. In making that statement and this affidavit he is fully aware that what he has said herein is to be presented to this Court in opposition to the action taken by petitioners and which is entirely based upon an opinion three months old. The change in Mrs. Wenz' mental and physical condition between July 30, 1958 and today is, as he has said earlier in this affidavit, most pronounced and for the better. This was anticipated on the basis of the diagnosis of her condition, namely, that in addition to some degree of cerebral arteriosclerosis the primary symptoms of delusions and agitation were of a functional nature and due to a reactive depression precipitated by the recent death of her husband. This was the prime basis upon which your deponent's judgment was originally made that Mrs. Wenz would show considerable improvement in the course of time — and she has. The onset of her illness almost immediately following the death of her husband indicates that the illness was predominantly of a functional nature and not the result of any permanent organic brain damage. It is your deponent's considered opinion that Mrs. Wenz is not incompetent and that she is fully able to manage herself and her affairs." I see no basis in the papers for a finding either that it presumptively appears that the alleged incompetent is in fact incompetent or that a committee should be appointed, and believe the granting of the order appealed from constituted an improvident exercise of discretion.