William C. Hecht, Jr., J.
Defendant Linlarry Liquor Shop moves for dismissal of the complaint for legal insufficiency and by companion motion the defendants Sussman and Saracco move for like relief.
Plaintiff was engaged in the retail sale of antiques, chinaware and objects of art for a period of four years in a store located at 776 Third Avenue in New York City, premises owned by the defendants Sussman and Saracco. Plaintiff moved its business into adjoining space in the same premises and the vacated store was let to the defendant Linlarry by lease dated March 1, 1960 for use and occupancy as a liquor package store and as a frankfurter-luncheonette stand.
Extensive and substantial alterations are projected to render the store premises suitable for the intended occupancy by the defendant Linlarry. It is alleged that the proposed alterations involved demolition of brick outside walls, shoring up of walls, lowering of present high ceilings, installation of new ceilings, construction of new walls, installation of new flooring, all adjacent to the store now occupied by the plaintiff. The construction and installation will be performed by the use of heavy machinery and the work will be performed upon the walls now separating the stores or in close proximity thereto.
Plaintiff’s stock consists of thousands of fragile and breakable and, in many instances, irreplaceable works of art. Large numbers of these items are presently located upon the rear and left walls of plaintiff’s store and in other places at which the projected work will be done. The construction and installations may cause cracking, shattering, breakage and destruction, all of which has been recognized by the defendant Linlarry which has informed and warned the plaintiff to remove his stock from the store premises for a period of approximately six to eight weeks until completion. It is alleged that the contemplated construction by the defendant Linlarry with the consent of the defendant owners is unlawful and in violation of the covenant of quiet enjoyment.
Both parties rely on Gerken v. Hall (65 App. Div. 16). There the temporary injunction was denied. Complaint was made of the proposed construction of a temporary wooden structure over the sidewalk in the front of plaintiff’s store for the purpose of protecting persons having occasion to use the store during the course of construction. Injunctive relief was denied particularly because before making his lease the plaintiff was informed of the proposed alteration and of the character of the wooden construction to be placed over the sidewalk. In his dissent in that ease, Presiding Justice Van Brunt declared *454 “ This is the first time in the history of jurisprudence in this State, so far as I have been able to learn, that a covenant for quiet enjoyment has been deliberately violated by a landlord and no protection has been afforded to the tenant except his right to bring an action for damages. ’ ’ Since, as alleged, the plaintiff was granted the right specifically to use his store in the sale of antiques and defendant owner has consented to the proposed alteration by the defendant Linlarry, sufficient is set forth to entitle the plaintiff to maintain this action for injunctive relief based upon imminent violation of the covenant assuring to the plaintiff beneficial enjoyment of his premises.
It cannot be said, upon the basis of the allegations, that mere inconvenience is involved or that construction is merely threatened or that constructive eviction would not ensue. Both parties also rely on House of Chan v. Dyckman (14 Misc 2d 595) where an application for temporary injunction was denied. There, however, it appeared that the acts complained of were not the acts of the landlord and did not have its consent. Moreover, it also appeared that the conditions complained of had existed prior to the commencement of plaintiff’s tenancy and had endured for quite some time prior to the application for injunctive relief. The motions are denied.