## (February 18, 1965)

In the Matter of SARAH PASTERNACK, an Alleged Incompetent Person, Appellant. BESSIE SCHLANGER et al., Respondents.— Order entered October 29, 1964, directing the issuance of a commission to inquire into the competency and property of Sarah Pasternack, unanimously reversed, on the law and the facts and in the exercise of discretion, and the petition dismissed, without costs and without disbursements and without prejudice to the institution of a new proceeding if the circumstances change as to the alleged incompetent's state of health or adequacy of satisfactory housing accommodations. This proceeding was instituted pursuant to the provisions of article 5-A of the Mental Hygiene Law which became effective September 1, 1963 and extended the jurisdiction of the Supreme Court " over the custody of a person and his property if he is incompetent to manage himself or his affairs by reason of age, drunkenness, mental illness or other cause." (§ 100.) The alleged incompetent, 'Sarah Pasternack, is a widow 92 years of age who has inherited an estate of approximately $500,000 from her husband and only son, both deceased. She has no other children and her son's estate is still being administered by the Public Administrator of New York County. In March, 1963, shortly after her son's death, the alleged incompetent became ill with a heart condition and had to abandon her apartment and chose to reside with her niece, Gertrude Grosfeld, and her niece's husband, Morris Grosfeld, who is also her personal physician. The alleged incompetent continues to live with the Grosfeld family and the record indicates that she is at present seemingly very happy with her present living arrangement, has her own room and the sole use of one bathroom. In addition to the care afforded by Dr. and Mrs. Grosfeld, she has two attendants who take turns caring for her. She has frequent visitors and any of her relatives who care to visit her are welcome. She has appointed Dr. Grosfeld her attorney in fact and the prudent exercise of his duties in that capacity has not been questioned. The alleged incompetent was examined by two court-appointed physicians in June and July of 1964 and they both found her to be mentally competent with no evidence of delusions, obsessions, compulsions or hallucinations. The trial court held an informal hearing on September 1, 1964 at which time the alleged incompetent attended and was examined. She speaks mainly in the Yiddish language and apparently became confused at the hearing and had difficulty communicating to the court through interpreters. After the informal hearing, the court ordered the impaneling of a Sheriff's jury to determine her competency and appointed a commissioner to preside over the hearings. On the facts presented in the record herein, it appears that the alleged incompetent is well cared for with comfortable living conditions and a compatible environment. Also no charges of violation of any trust or mismanagement have been made relative to her property affairs. The petitioner has failed to meet the burden of the statute of establishing facts showing the incompetence of the respondent-appellant, the alleged incompetent. (*Matter of Wuillamey*, 7 A D 2d 130; *Matter of Schermerhorn*, 277 App. Div. 845; *Matter of Ackermann*, 226 App. Div. 811.) Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.