Eli H. Mellan, J.
This is a holdover summary proceeding wherein the petitioners entered into a written lease with a respondent which lease expired on September 30, 1974. The facts are agreed or at least to the following extent are uncontroverted : that prior to the expiration of the lease on July 29, 1974, the petitioners offered to renew the respondent’s lease, but the respondent wanted only a six-month lease whereas the petitioners’ landlords refused such a lease and subsequently the parties agreed to enter into a one-year lease. A one-year lease was offered to the tenant on September 5, 1974, before the expiration of the original lease. The tenant failed to sign the lease and has continued to do so. This proceeding was then commenced to remove the tenant after the expiration of Ms tenancy as a holdover.
While the matter was pending in court, the Division of Housing and Community Renewal, Office of Rent Administration asked to be permitted to appear in the proceeding either as an intervenor on oral application or as amicus curiae. The agency was permitted to appear as amicus curiae and participated fully in every stage of this proceeding from that point on.
All parties were afforded an opportunity to submit a memorandum of law. The amicus curiae submitted a letter dated October 31, 1974, with exhibits, advancing its legal arguments in behalf of the respondent, and same was admitted in evidence on consent and has been fully considered.
The respondent claims that the petitioners proceeded improperly in that they did not comply with the provisions of the New York State Emergency Tenant Protection Act of 1974 (L. 1974, ch. 576), and since the Village of Great Neck Plaza had adopted a resolution in accordance with the statute, the housing accommodations involved herein being within the said village, it is claimed that the petitioners cannot bring these summary pro *877 ceedings. The petitioners argue among other aspects that the statute involved, namely the Emergency Tenant Protection Act of 1974, does not grant authority to regulate evictions, and that any portion of the regulations issued under this statute, pertaining to summary proceedings would therefore be without effect and baseless in law.
The petitioners state that since the regulations promulgated by the division were not filed with the Secretary of State until August 2, 1974, they did not become effective until that date (see E. Y. Const., art. IV, § 8). The petitioners further argue that since the respondent’s lease expired on September 30,1974, and section 45 of the Tenant Protection Regulations (9 NYCRR 2503.5) issued by the division require at least 60 days’ notice of an offer to renew a lease, the petitioners could not comply with a 60-day requirement inasmuch as the effective date of the regulations, namely August 2, 1974, was less than 60 days before the expiration of the lease, expiring on September 30, 1974. The court accepts this argument and agrees with it. The court finds that the lease offered on July 29,1974, to the tenant substantially complied with the requirements of section 45 of the regulations in question.
However, since a vital issue in this matter is the question concerning the authority of the Office of Rent Administration to regulate evictions, the court must deal with this argument. While it is true that the Office of Rent Administration may take such steps as are enumerated in section 12 of chapter 576 of the Laws of 1974, which enacted the Emergency Tenant Protection Act, there is no authority whatsoever within the statute either under section 12, the enforcement provision or under section 10, pertaining to regulations required to implement the act relating to removal of tenants from the premises or to eviction proceedings in this court.
The respondent and the amicus curiae have failed to provide any adequate answer to the petitioners’ argument advanced in comparing the instant statute with predecessor rent control laws demonstrating that while in the earlier rent control laws there was specific reference to eviction proceedings, in the Emergency Tenant Protection Act of 1974 there is absolutely no authority conferred to regulate evictions or practices relating to the recovery of possession of apartments.
Under section 4 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd. by L. 1971, ch. 371, § 2), outlining the duties of the commission, paragraph (a) of subdivision 4 of this section gives the commission the right to adopt, promulgate, *878 amend and regulate various aspects 1 including practices relating to recovery of possession. ’ ’
Again in section 1 of the Local Emergency Housing Bent Control Act (L. 1962, ch. 21, § 1, subd. 5) that section clearly provides that the city is given the right to adopt local laws or ordinances in respect to “ the regulation of evictions.” In the Emergency Tenant Protection Act of 1974, the Legislature gave the Office of Bent Administration no authority whatsoever over evictions. Section 10 of the act referred to above governing regulations, found in chapter 576 of the Laws of 1974, states that the regulations may encompass “ such speculative or manipulative practices or renting or leasing practices as the state division of housing and community renewal determines constitute or are likely to cause circumvention of this act.” There is nothing stated about recovery of possession or regulation of practices relating to evictions as appears in prior statutes. Since the current law gives unusual powers over the control of contracts and leases between landlords and tenants, it must be strictly construed. Since the Legislature failed to give the. authority for a particular act, the court feels it cannot be written into the legislation as passed, either by the court or by the agency, applying and enforcing this legislation. Furthermore, since the regulatory agencies can only make rules and regulations necessary to carry out the terms of the act creating these agencies, and the enabling statutes fails to give the agency the above powers referred to, the regulations cannot proceed to provide for powers not included in the original enabling statute. (See N. Y. Const., art. III, § 1; Singer v. McGoldrick, 102 N. Y. S. 2d 665; Smith v. Alger, 202 Misc. 515.)
In the case of New York City Housing Auth. v. Knowles (200 Misc. 156), the court stated at page 161: “ It does not, of course, empower the commission to legislate or to adopt regulations which exceed the permissable limits set by the statute.”
Quoting from the Singer ease, (supra), the court stated in Smith v. Alger (supra, p. 518) as follows‘ Though the respondent [Bent Commission] has a right to make regulations carrying into effect the law already enacted, no authority is vested in the Administrator to make regulations or laws which are not in harmony with the statute.’ ” (See, also, Whitmarsh v. Farnell, 273 App. Div. 584, 588, revd. on other grounds 298 N. Y. 336; 210 East 68th St. Corp. v. City Rent Agency, 34 N Y 2d 560, affg. 43 A D 2d 687.)
The case of Greenberg v. Blankner (N. Y. L. J., June 7,1963, p. 19, col. 5), submitted by amicus curiae has no relevance tio *879 the instant proceeding since it pertains to a prior statute which did in fact govern eviction proceedings whereas the current statute has no reference whatsoever to such proceedings. Furthermore, the claim that the petitioner cannot raise the issue of inapplicability or deficiency of the rent regulations, on the basis of the arguments advanced above due to his failure to assert these arguments within the original petition is in the opinion of the court a specious argument. Since petitioners argue, correctly in the opinion of the court, that the statute is in fact inapplicable, there is no requirement that they allege compliance with the statute or give reasons for noncompliance.
The petitioners also argue that Amendment No. 1 to the regulations prohibits the use of escalator clauses, which the petitioners argue is an arbitrary and capricious provision. The court does not feel any necessity to deal with this issue since the court would be presumptuous to pass on that issue at this time inasmuch as the proposed lease provides for an annual rental and was followed by a letter in evidence, wherein the petitioners assert that any provision within the lease not in compliance with the statute shall be inoperative.
Out of the quagmire of the existing rent control laws and regulations the Court of Appeals has dealt anew with one of the current problems. In so doing, the court speaking through Chief Judge Breitel stated: “ This appeal has involved difficulties rarely confronting a court. The patchwork of rent-control legislation in recent years has created an inpenetrable thicket, confusing not only to laymen but to lawyers. Most important, under legitimate political pressures and the stress of economic and social tensions, the rational resolution of policy consideration vital to the well-being of the people in the City of New York have been handled on a day-to-day basis, and often by temporary makeshifts. As a consequence, the legislation contains serious gaps, not readily filled by interpretation based on intention, because there was none, or even by judicial construction to make reasonable and workable schemes that are self-abortive as designed. There is a limit to which courts may or should go in rectifying such statutory gaps. Because of the significant policies involved, they should be resolved by legislative action at the local or State level.” (Matter of 89 Christopher v. Joy, 35 N Y 2d 213, 220.)
Therefore, in conclusion, while the court may recognize a need for legislation which may in fact control eviction proceedings, the legislative fiat must be in proper form determined *880 solely 'by the Legislature so that the decisions by the courts can be based upon a standard of law properly adopted.
After trial, the court finds that the petitioners are entitled to possession and grants final order in"" favor of the petitioners with a stay of execution of warrant to December 13, 1974.